IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
STAN BOYETT & SON, INC., a      )
California corporation dba      )   2:11-cv-03472-GEB-KJN
BOYETT PETROLEUM,               )
                                )   ORDER OF DISMISSAL
              Plaintiff,        )
                                )
     v.                         )
                                )
WINNEMUCCA GAS INC., a Nevada   )
corporation; MOHAMMAD AHMAD,    )
individually; RUPINDER KAUR,    )
individually; BISHAN SINGH,     )
individually,                   )
                                )
              Defendants.       )
_____)
```

      The March 29, 2012 Status (Pretrial Scheduling) Order required Plaintiff to "either file whatever documents are required to prosecute this case against Defendant Mohammad Ahmad as a default matter or show cause in a filing why this defendant should not be dismissed for failure of prosecution" no later than May 14, 2012. (ECF No. 13, 2:10-13.) Plaintiff failed to respond to the March 29, 2012 Status Order by this deadline. Therefore, the Court considers whether this defendant should be dismissed for failure of prosecution.

      When considering whether to dismiss a party for failure to prosecute, a court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public

1

1 |           policy favoring disposition of cases on their
2 |           merits.

3 Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

4           The first and second factors weigh in favor of dismissal in
5 this case since Plaintiff's failure to prosecute has impaired the
6 public's interest in expeditious resolution of litigation and undermines
7 the Court's ability to manage its docket without being subject to
8 noncompliance with its orders. See Yourish v. Cal. Amplifier, 191 F.3d
9 983, 990 (9th Cir. 1999)("[T]he public's interest in expeditious
10 resolution of litigation always favors dismissal."); Pagtalunan, 291
11 F.3d at 642 ("It is incumbent upon the Court to manage its docket
12 without being subject to routine noncompliance of litigants[.]").

13          The third factor concerning the risk of prejudice to Defendant
14 considers the strength of a party's excuse for non-compliance. See
15 Pagtalunan, 291 F.3d at 642-43 ("[T]he risk of prejudice [is related] to
16 the plaintiff's reason for defaulting."). Since Plaintiff has provided
17 no reason for its non-compliance, the third factor also favors
18 dismissal.

19          The fourth factor concerning whether the Court has considered
20 less drastic sanctions, also weighs in favor of dismissal since
21 Plaintiff failed respond to the March 29, 2012 Status Order despite that
22 order's requirement that Plaintiff show cause in writing why Defendant
23 Mohammad Ahmad should not be dismissed for failure of prosecution if it
24 did not take the steps necessary to prosecute this action against that
25 defendant as a default matter. Cf. Ferdik v. Bonzelet, 963 F.2d 1258,
26 1262 (9th Cir. 1992)("[A] district court's warning to a party that his
27 failure to obey the court's order will result in dismissal can satisfy
28 the 'consideration of alternatives' requirement.").

The fifth factor concerning the public policy favoring disposition of cases on their merits, weighs against dismissal. <u>Pagtalunan</u>, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.").

Since the balance of the factors strongly favors dismissal of Defendant Mohammad Ahmad, that defendant is dismissed with prejudice.

Dated: May 16, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge