IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAN BOYETT & SON, INC., a California corporation dba BOYETT PETROLEUM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WINNEMUCCA GAS INC., a Nevada corporation; MOHAMMAD AHMAD, individually; RUPINDER KAUR, individually; BISHAN SINGH, individually,<br><br>　　　　Defendants.<br>_____ | 2:11-cv-03472-GEB-KJN<br><br><u>ORDER OF DISMISSAL</u> |

　　　　The March 29, 2012 Status (Pretrial Scheduling) Order required Plaintiff to "either file whatever documents are required to prosecute this case against Defendant Mohammad Ahmad as a default matter or show cause in a filing why this defendant should not be dismissed for failure of prosecution" no later than May 14, 2012. (ECF No. 13, 2:10-13.) Plaintiff failed to respond to the March 29, 2012 Status Order by this deadline. Therefore, the Court considers whether this defendant should be dismissed for failure of prosecution.

　　　　When considering whether to dismiss a party for failure to prosecute, a court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public

1

>policy favoring disposition of cases on their merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

The first and second factors weigh in favor of dismissal in this case since Plaintiff's failure to prosecute has impaired the public's interest in expeditious resolution of litigation and undermines the Court's ability to manage its docket without being subject to noncompliance with its orders. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]").

The third factor concerning the risk of prejudice to Defendant considers the strength of a party's excuse for non-compliance. See Pagtalunan, 291 F.3d at 642-43 ("[T]he risk of prejudice [is related] to the plaintiff's reason for defaulting."). Since Plaintiff has provided no reason for its non-compliance, the third factor also favors dismissal.

The fourth factor concerning whether the Court has considered less drastic sanctions, also weighs in favor of dismissal since Plaintiff failed respond to the March 29, 2012 Status Order despite that order's requirement that Plaintiff show cause in writing why Defendant Mohammad Ahmad should not be dismissed for failure of prosecution if it did not take the steps necessary to prosecute this action against that defendant as a default matter. Cf. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992)("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.").

2

1      The fifth factor concerning the public policy favoring
2 disposition of cases on their merits, weighs against dismissal.
3 Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases
4 on the merits.").
5      Since the balance of the factors strongly favors dismissal of
6 Defendant Mohammad Ahmad, that defendant is dismissed with prejudice.
7 Dated:  May 16, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge