IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STAN BOYETT & SON, INC., a California corporation dba BOYETT PETROLEUM, | ) ) ) ) | 2:11-cv-03472-GEB-KJN<br><br>DISMISSAL ORDER |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| WINNEMUCCA GAS INC., a Nevada corporation; RUPINDER KAUR, individually; BISHAN SINGH, individually, | ) ) ) ) ) | |
| Defendants.* | ) ) | |

Plaintiff filed a "Notice of Conditional Settlement of Entire Case" on January 21, 2013, ("Notice"), in which it states, inter alia: "This case has been settled." (ECF No. 27, 1:26.) Plaintiff also states that "[t]he settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms," however, it does not identify what those terms are. (Id. at 1:27-2:1.) Further, Plaintiff states that "[a] request for dismissal will be filed no later than December 15, 2013[,]" which would require the Court to vacate or continue all currently scheduled dates, including trial scheduled to commence on August 13, 2013, without indicating what the parties opine should be done in this regard. (Id. at 2:1-12.)

---

\* The caption has been amended according to the dismissal of Defendant Mohammad Ahmad. See ECF No. 14.

1

In essence, the parties seek to have this settled action pending on the Court's docket for at least ten months with no dates scheduled. However, the parties have not shown justification for the retention of federal jurisdiction over settlement terms that the Court has not seen. See O'Connor v. Colvin, 70 F.3d 530, 531-32 (9th Cir. 1995) ("In Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, [378-82] (1994), the Supreme Court held that federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement simply because the subject of that settlement was a federal lawsuit."); see also Kay v. Board of Educ. of City of Chicago, 547 F.3d 736, 737 (7th Cir. 2008) ("The normal remedy for a failure to abide by a settlement of federal litigation is a suit on the settlement contract.") "[T]he mere fact that the parties [appear to] agree that the court [shall] exercise continuing jurisdiction is not binding on the court." Arata v. Nu Skin Intern., Inc., 96 F.3d 1265, 1269 (9th Cir. 1996) (citing Cal. v. La Rue, 409 U.S. 109, 112 n.3 (1972)); see also Collins v. Thompson, 8 F.3d 657, 659 (9th Cir. 1993) ("A federal court may refuse to exercise continuing jurisdiction [over a settlement agreement] even though the parties have agreed to it. Parties cannot confer jurisdiction by stipulation or consent.")

Since the parties have settled this case and have not shown that exercising jurisdiction over this settled case is "essential to the conduct of federal-court business," this action is dismissed without prejudice and shall be closed. Kokkonen, 511 U.S. at 381.

Dated: January 23, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2